This cause came on to be heard upon the petition of the relator for a writ of mandamus, the amended answer and the reply thereto, and was argued by counsel. On consideration whereof it is ordered and adjudged by this court that the writ be, and the same hereby is, denied.
It appears from the pleadings that relator's ward, John Lentz, on November 6, 1922, was injured while in the employ of an employer which was a contributor to the workmen's compensation fund; that temporary total compensation was paid to relator's ward from. November 6, 1922, to May 13, 1923, in the sum of $366.14, and that on said last named date permanent partial award was granted to relator's ward in the sum of $1,416.00; that checks for such compensation were made payable to relator's ward until on or about July 18, 1924, when respondents were advised that relator's ward was arrested, found guilty and committed to the workhouse for nonsupport, and the respondents were directed by the court of common pleas to forward compensation to relator's ward in care of the humane society, for the benefit of the family of the relator's ward; and that since receiving said direction from the court of common pleas payments were made by the respondents in accordance therewith; and that all awards granted by the respondents have been paid in full.
The respondents having exercised the discretion vested in them by Rule 18 of the Industrial Commission of Ohio and made full payment from the workmen's compensation fund, for the injuries sustained by relator's ward, a writ of mandamus is therefore denied. State, ex rel. Van Harlingen, v. Board ofEdn. of Mad River Twp. Rural School Dist., 104 Ohio St. 360.
Writ denied.
WEYGANDT, C.J., ALLEN, STEPHENSON, JONES, MATTHIAS, BEVIS and ZIMMERMAN, JJ., concur. *Page 587